**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ERIC D. FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN CAVE LEIGHTON PAISNER, LLP,<br><br>Defendant. | CASE NO. 1:23-CV-04249 |
| ROCK MEYER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN CAVE LEIGHTON PAISNER, LLP,<br><br>Defendant. | CASE NO. 1:23-CV-04954 |

**PLAINTIFFS' UNOPPOSED[1] MOTION TO CONSOLIDATE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2) AND MEMORANDUM OF LAW IN SUPPORT**

---

[1] Bryan Cave Leighton Paisner LLP does not oppose the relief Plaintiffs seek, but it does not agree with all of the statements in the Motion.

1

I.    **INTRODUCTION**

Plaintiffs Eric D. Flores and Rock Meyer (collectively, "Plaintiffs") move under Federal Rule of Civil Procedure 42(a)(2) for an order consolidating the above-captioned actions: (i) *Flores v. Bryan Cave Leighton Paisner LLP*, Case No. 1:23-CV-04249 (N.D. Ill.); and (ii) *Meyer v. Bryan Cave Leighton Paisner LLP*, Case No. 1:23-CV-04954 (N.D. Ill.) (collectively, the "Related Actions") and all other actions (now and in the future) naming Bryan Cave Leighton Paisner LLP ("BCLP" or "Defendant") as a defendant in connection with the data breach experienced by BCLP between February 23, 2023 through March 1, 2023 (the "Data Breach").

The Related Actions arise out of the same set of facts— BCLP's massive and preventable data breach that reportedly exposed the confidential and highly sensitive personally identifiable information ("PII") of at least 51,110 individuals. The Related Actions assert similar claims for relief, on behalf of similar classes, and seek similar relief from one common defendant – BCLP. The Court should consolidate the Related Actions to maximize efficiency and judicial economy. For the reasons presented below, Plaintiffs respectfully request that the Court grant this motion.

II.    **FACTUAL AND PROCEDURAL BACKGROUND**

On February 27, 2023, BCLP detected unauthorized access to its computer systems. After an investigation, it was determined that an unauthorized cybercriminal accessed BCLP's computer systems between February 23, 2023, and March 1, 2023, and acquired the PII of approximately 51,110 individuals. The types of PII exposed in the Data Breach included: Social Security numbers, first and last names, addresses, dates of birth, marital statuses, genders, employee identification numbers, and retirement and/or thrift plan information. Despite learning of the Data Breach on February 27, 2023, victims of the Data Breach were not notified until in or around June 2023. As a result of BCLP's negligence, victims of the Data Breach will suffer identity theft, fraud,

and will be at an imminent risk of harm for the rest of their lives.

To redress the harm caused by the Data Breach, Plaintiff Flores filed a class action lawsuit against BCLP on June 30, 2023. *See Flores v. Bryan Cave Leighton Paisner LLP*, Case No. 1:23-CV-04249 (N.D. Ill.). Shortly thereafter, Plaintiff Meyer filed a similar class action lawsuit against BCLP on July 28, 2023. *See Meyer v. Bryan Cave Leighton Paisner LLP*, Case No. 1:23-CV-04954 (N.D. Ill.). In a nutshell, the Related Actions allege that Defendant: (i) failed to employ adequate data security; (ii) failed to timely report the Data Breach; and (ii) failed to secure and protect Plaintiffs' and the Class's PII. These actions and inactions ultimately resulted in the Data Breach. For these reasons, the Related Actions present numerous questions of law and fact that will be best served in a consolidated proceeding.

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 42 authorizes a court to consolidate actions before it if they involve "a common question of law or fact." Fed. R. Civ. P. 42. The decision whether to consolidate is a matter of discretion vested in the district courts. *See Dunkley v. Illinois Dep't of Hum. Servs.*, No. 3:19-CV-01146-NJR, 2020 WL 8996816, at *1 (S.D. Ill. May 27, 2020) ("The Supreme Court has recognized that district courts have "substantial discretion" in deciding when to consolidate cases." (citing *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018)). "Courts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party." *Smith v. Turner*, No. 3:22-CV-2109-JPG, 2023 WL 143040, at *1 (S.D. Ill. Jan. 10, 2023).

### IV. <u>ARGUMENT AND AUTHORITIES</u>

Consolidation is appropriate here because the Related Actions are substantively identical and are in the same stage of litigation. Each action: (i) is brought as a putative class action seeking

3

to certify the same class of individuals; (ii) alleges many of the same claims, including negligence, negligence *per se*, and unjust enrichment; and (iii) arise out of the same Data Breach experienced by BCLP that inflicted the same alleged injuries on Plaintiffs, namely exposure of their PII. Furthermore, since the cases involve common questions of law and fact, consolidation will prevent inconsistent verdicts, and the handling of discovery will ensure judicial efficiency.

Courts consistently find that data breach class actions are particularly appropriate for Rule 42 consolidation. *See, e.g., Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation); *First Choice Federal Credit Union v. The Wendy's Co., et al.*, 2:16-cv-506, ECF No. 20 (W.D. Pa. July 12, 2016) (consolidating five actions arising out of a data breach); *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.*, 1:15-cv-02228, ECF No. 44 (N.D. Ill.) (consolidating related data beach cases).

Consolidation of the Related Actions, and any future actions asserting claims against BCLP in relation to the Data Breach is warranted here because it will simplify discovery, pretrial, class certification, and case management. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting identical actions separately. Furthermore, no party will be prejudiced by consolidation.

Accordingly, Plaintiffs respectfully request the Court consolidated the Related Actions and any subsequently filed or transferred actions against BCLP relating to the Data Breach under the

docket number of the first filed case, No. 1:23-CV-04249, an under the caption "*In re Bryan Cave Leighton Paisner LLP Data Breach Litigation*."

## V.    <u>CONCLUSION</u>

For the reasons above, Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions.

Date: August 7, 2023

William B. Federman
(*admission application pending*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

M. Anderson Berry
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com

*/s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
(IL #6231944)
tom@attorneyzim.com
Sharon A. Harris
sharon@attorneyzim.com
Matthew C. De Re
matt@attorneyzim.com
Jeffrey D. Blake
jeff@attorneyzim.com
**ZIMMERMAN LAW**
**OFFICES, P.C.**
77 W. Washington Street
Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 7, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/: Thomas A. Zimmerman, Jr.*